**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**WILLIAM BLAKE THOMPSON** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:26-CV-P112-JHM**

**FULTON COUNTY COURTHOUSE *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Blake Thompson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action without prejudice.

## I. SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate at the Fulton County Detention Center (FCDC). He sues the Fulton County Courthouse and Fulton County Detention Center. Plaintiff states as follows:

> Judge Tim Langford Fulton County Judge has told me that I'll have you tied up and choked twice in court. I'd like a lawsuit, including has not gave me no help in court stated I'm taking you to trial. Has not supplied no police reports or fire reports nor no one has a allegation against me. I've served 5 day's for this and they let me out now thier trying to double standard charge me for arrson burglary and pfo. They will and have not supplied me with no paper work. Stating they have some picture's illegal. I took all these pictures my self, and I got on in court I'm stating these pictures were stolen out of my own personal business by court ordering a picture into a video. There is no proff of guilty or fire in these video's, including I have not been sued by the court today for them a lawsuit country and state for committing a crime nor the owner has received a lawsuit but [illegible] I keep telling them in court, there is no owner been to court against me have not yet seen a Defendant or Plaintiff nor no [illegible] held with paper belongings. I would now like to sue the government. They have not sued me nor these people's insurance has not sued me for a lawsuit nonetheless. I would now like all of us a lawsuit owner River Port William Blake Thompson and the government a lawsuit on my own behalf for not being seen in Court period I'd like your insurance againce a lawsuit for false imprisonment. Fulton County Detention Center for being sexually assaulted and made to suck a dick on camera, including male foundald by another man Stearman Null and Jermey Miles cell 105. Two law suits plus Iv got a domestic booking case right now like a sepert law suit for these belonging for me plus the jail and government is welcome to a lawsuit Court Bates and Travis Glime has severly

> broken my nose on camera. I've been booked back in. I need a kat scan MRI treatment for pictured papper work against the government.

> Where the complaint form asks for the relief sought, Plaintiff leaves that section blank.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *1. Fulton County Courts*

The Court construes Plaintiff's claim against the Fulton County Courthouse as a claim against either the Fulton County Circuit Court or District Court where he is being prosecuted. The Fulton County Circuit and District Courts are part of Kentucky's judicial system. *See* Ky. Const. §§ 109, 112, & 113. A state, its agencies, and its officials are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Commonwealth of Kentucky has not waived its immunity against § 1983 actions, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Thus, the Court will dismiss Plaintiff's claims against the Fulton County Circuit and District Courts for failure to state a claim upon which relief may be granted and for seeking

damages from an entity immune from such relief. *See, e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *4 (6th Cir. 1995) (claim against circuit court barred by Eleventh Amendment); *Shai v. Hall of Just.*, No. 3:24-CV-P523-CHB, 2025 U.S. Dist. LEXIS 229, at *4 (W.D. Ky. Jan. 2, 2025) (dismissing claims against Jefferson District and Circuit Courts for failure to state a claim and as barred by the Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-DCR, 2013 U.S. Dist. LEXIS 177379, at *6 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

Furthermore, to the extent that Plaintiff seeks this Court's involvement in an ongoing state court proceeding, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case. *See generally Younger*, 401 U.S. at 40-41 (counseling against interference in state criminal actions); *Frost v. Nessel*, 712 F. Supp. 3d 1008, 1013 (W.D. Mich. 2024) (finding that "the state prosecution against [the plaintiff] also serves an important state purpose—specifically, [the state]'s right to enforce its criminal laws"). Additionally, there is no indication that constitutional claims could not be raised in that proceeding. *Id.* ("The state

prosecution provides [the federal plaintiff] with adequate opportunities to raise constitutional challenges and any other challenges in a competent forum."). Therefore, Plaintiff's claims are barred by *Younger* abstention doctrine.

While it is not clear from the complaint, Plaintiff may have been convicted on some charges. Claims challenging charges for which he has been convicted are barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

The Court adds that to the extent Plaintiff may be attempting to sue the judge who is presiding over his case, the claim fails. Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or

corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations—for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Id.* at 11-12; *Stump*, 435 U.S. at 356-57. It is evident that the actions alleged in the complaint were in the scope of the judge's judicial capacity and not beyond his jurisdictional authority. As such, any claim against the judge in Plaintiff's state court case would be dismissed for seeking damages from a defendant who is immune from such relief.

***2. FCDC***

FCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Fulton County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Neither a municipality nor a county may be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454

U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any action stated in the complaint occurred pursuant to a policy or custom implemented or endorsed by Fulton County. He alleges incidents affecting only him. Because the complaint fails to establish a basis of liability against Fulton County, the claims against FCDC must be dismissed for failure to state a claim upon which relief may be granted.

***3. Opportunity to amend***

Although the Court is dismissing this action for the above-stated reasons, the dismissal of the complaint will be without prejudice and with leave to file an amended complaint concerning Plaintiff's allegations that he was sexually and physically assaulted while housed at FCDC. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."); *Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend). If Plaintiff wishes to file an amended complaint, he should sue the individual officers who he alleges were involved in the unconstitutional conduct in their individual capacities and state how each individual officer violated his rights. He must also complete the relief section of the complaint form.

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action. As stated above, the action will be dismissed without prejudice and with leave to amend the complaint as instructed above.

**IT IS ORDERED** that should Plaintiff file an amended complaint he must do so **no later than <u>November 9, 2026</u>**.

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff should he choose to amend the complaint.

Date: October 9, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010